UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS OLIVARES HERNANDEZ,<br>    Defendant. | Case No.  4:15-cr-00547-JD-1<br><br>**ORDER RE COMPASSIONATE RELEASE**<br>Re: Dkt. No. 664 |

Upon motion of [**x**] the defendant [ ] the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and in light of the factors in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A. [ ] GRANTED**

[ ] The defendant's sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

[ ] Time served.

If the defendant's sentence is reduced to time served:

[ ] This order is stayed fourteen days for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant will be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. If more than fourteen days are

needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties will promptly advise the Court and show cause why the stay should be extended; or

[ ]   If a verified residence and an appropriate release plan are in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release.  The defendant may be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.   If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties will promptly advise the Court and show cause why the stay should be extended.

[ ]  The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ]  Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ]  probation or [ ]  supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

[ ]  The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[ ]  The conditions of the "special term" of supervision are as follows:

[ ]  The defendant's previously imposed conditions of supervised release are unchanged.

    [ ]  The defendant's previously imposed conditions of supervised release are modified as follows:

**B.** [ ] **DEFERRED** pending supplemental briefing and/or a hearing. The Court directs the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

**C.** [x] **DENIED** after complete review of the motion on the merits.

**Reasons for denial:**  Hernandez filed a compassionate release motion on January 21, 2022, Dkt. No. 653, that was denied on July 11, 2022, for lack of compelling reasons or circumstances, Dkt. No. 656.  He filed a second application, which was largely a general form petition and did not identify any circumstances specific to Hernandez that might warrant release.  Dkt. No. 658.  Hernandez has now filed a third successive application.  Dkt. No. 664.   The application repeats his previous arguments that there are extraordinary and compelling reasons for early release, citing his serious medical conditions, the risk of COVID-19, his age (56 years old), and his rehabilitation and good behavior while incarcerated.

    Hernandez's request is denied as he has not demonstrated that "'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).  The COVID-19 pandemic has abated, and Hernandez does not allege that he is unvaccinated or that he sought a vaccination and was refused.  Consequently, Hernandez is not similarly situated to at-risk inmates who may have obtained early release in 2020 and early 2021.  His good behavior while incarcerated is expected.  And his medical conditions and age, standing alone, do not amount to extraordinary and compelling reasons for release.

    Early release is also denied under the factors set forth in 18 U.S.C. § 3553(a).  *See id.*  Hernandez pleaded guilty to a drug conspiracy that, by his own admission, "involved a substantial amount of drugs and money" and in which he "occupied a leadership role."  Dkt. No. 568 at 9.  "Hernandez was the leader, organizer, and manager of an extensive drug trafficking operation that distributed huge quantities of methamphetamine and cocaine throughout northern and central California that in turn generated hundreds of thousands of dollars in cash proceeds."

Dkt. No. 562 at ECF p. 6 (presentence investigation report).  Moreover, Hernandez has nine years remaining on his 240-month sentence.  Considering the nature and circumstances of the offense, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, release is not warranted.  Hernandez's request for a recommendation of home confinement is also denied for lack of good cause.

Additionally, it appears that Hernandez may not have exhausted his administrative remedies before filing his third compassionate release motion.  While "the failure to satisfy § 3582(c)(1)(A)'s administrative exhaustion requirement does not deprive [the Court] of subject-matter jurisdiction," Hernandez is advised that the Court "may not . . . excuse a defendant's failure to satisfy that requirement over the government's timely objection."  *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

D.  [ ]  **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated:  May 10, 2023

_____
JAMES DONATO
UNITED STATES DISTRICT JUDGE